IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HSBC Mortgage Services, Inc., )
 )
                  Plaintiff, )
 ) Civil Action No.: 10 C 4748
     v. )
 ) Suzanne B. Conlon, Judge
Brightgreen Home Loans, Inc. f/k/a/ Mirad )
Financial Group, )
 )
                  Defendant. )

**MEMORANDUM OPINION AND ORDER**

HSBC Mortgage Services, Inc. ("HSBC") sues Brightgreen Home Loans, Inc. ("Brightgreen")[1] for breach of contract. HSBC moves for summary judgment.

**I. Background**

HSBC submitted a statement of undisputed material facts pursuant to N.D. Ill. Local Rule 56.1. Each statement was supported by admissible evidence in the form of sworn declarations and documentary exhibits. Brightgreen did not respond. Accordingly, HSBC's statement of facts is deemed true, although as the non-moving party, Brightgreen still receives the benefit of all reasonable inferences. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632–33 (7th Cir. 2009).

HSBC and Brightgreen entered into a Non-Conforming First Mortgage Loan Purchase Agreement. Pl. Facts ¶ 6. Under the agreement, HSBC would from time to time purchase mortgage loans from Brightgreen, and Brightgreen represented and warranted that the statements

---

[1] Brightgreen was formerly known as Mirad Financial Group. HSBC refers to plaintiff as "Mirad." The court uses plaintiff's current name in this opinion.

1

and documents related to the transaction were accurate and did not contain misrepresentations. *Id.* ¶¶ 8–10. Brightgreen represented and warranted in the agreement that each mortgage loan was supported by genuine documents and signatures and that none of the materials submitted for loan underwriting were falsified or untrue. *Id.* ¶¶ 11–12. The covenants, representations, and warranties in the agreement survive investigation by HSBC, liquidation of the loan, termination of the agreement, transfer of loan servicing, and transfer and delivery of the mortgage file to HSBC. *Id.* ¶ 13.

The agreement obligates Brightgreen to repurchase a loan if HSBC determines a warranty, representation, or agreement guaranteed by Brightgreen was breached or if HSBC believes Brightgreen acted fraudulently or negligently in the origination or closing of a loan. Pl. Facts ¶ 14. The obligation to repurchase arises within five business days of Brightgreen's receipt of HSBC's written demand. *Id.* ¶ 15. The repurchase price is set at "that amount equal to the greater of (a) the purchase price paid to Seller by Buyer less any repayment of principal received, plus accrued but unpaid interest, or (b) the unpaid principal balance of the Loan at the date of repurchase plus accrued but unpaid interest." *Id.* ¶ 16. The agreement also requires Brightgreen to indemnify and hold HSBC harmless for all costs and expenses resulting from any claim, demand, defense, or assertion arising from a breach of Brightgreen's covenants. *Id.* ¶ 17.

In 2006, Brightgreen entered into a loan with Reina Ceballos for $470,000. Pl. Facts ¶ 18. HSBC purchased the loan from Brightgreen under the agreement but later discovered the loan documents contained a material misrepresentation. *Id.* ¶¶ 19–21. Ceballos never resided in the property which was the subject of the loan. *Id.* ¶ 20. HSBC determined Brightgreen acted fraudulently or negligently in the origination or closing of the loan. *Id.* ¶ 22. HSBC made a

written demand for payment on October 3, 2007, but Brightgreen did not repurchase the loan. *Id.* ¶¶ 23–24. HSBC seeks $425,054.32 in damages—$411,497.14 to repurchase the loan and $13,567.18 in attorneys' fees and costs. *Id.* ¶ 25.

## II. Analysis

Summary judgment for HSBC is proper if the undisputed facts establish that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Because HSBC bears the burden of proof, it must establish each essential element of a breach of contract claim rather than merely pointing to the absence of evidence. *See Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938–39 (7th Cir. 1993). HSBC must establish (1) a valid and enforceable contract exists, (2) performance by HSBC, (3) a breach by Brightgreen, and (4) resulting damages. *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004).[2]

It is undisputed that HSBC and Brightgreen entered into a valid and enforceable contract, and that HSBC purchased Ceballos's loan, thereby performing its obligations under the contract. HSBC's investigation uncovered that Ceballos did not reside in the subject property, which HSBC deemed to be evidence of a material misrepresentation in the loan documents and evidence that Brightgreen acted negligently or fraudulently in the underlying loan transaction. Under the agreement, HSBC has right to demand that Brightgreen repurchase the loan. HSBC

---

[2] HSBC cites to Illinois law as controlling. The agreement contains a choice-of-law clause, but the chosen law changed from 1995, when the agreement was executed, to 2006, when the agreement was amended. The original agreement provides California law governs, and the amendment provides Illinois law governs the amendment. The elements of the cause of action are the same under either. *See First Commercial Mortgage Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Cal. Ct. App. 2001).

3

made a written demand, but Brightgreen did not repurchase the loan as required, breaching the contract.

All that remains is damages. HSBC contends Brightgreen owes $411,487.14 as the repurchase price and $13,567.18 in attorneys' fees and costs. HSBC has not shown the absence of a genuine issue as to the amount of damages. Although HSBC attaches its demand letter and calculations of the repurchase price, the court is unable to determine whether "extension interest"—divided into "premium" and "corporate advances"—fall under the contractual language of "accrued but unpaid interest." *See* Dkt. No. 21, Ex. 4 (demand letter), Ex. 5 (loss on sale). HSBC does not explain the basis for those figures.

HSBC bears the burden to show the requested attorneys' fees are commercially reasonable. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996). The inquiry is governed by federal law and does not require the detailed review required for statutory fee awards. *See Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1075–77 (7th Cir. 2004). In the commercial context, reasonableness may be established with evidence that the fee applicant actually paid the legal bills under circumstances in which ultimate recovery was uncertain. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 521 (7th Cir. 1999). HSBC states it incurred $13,567.18 in attorneys' fees and costs. That amount—covering filing the complaint, successfully moving to strike some of Brightgreen's affirmative defenses, and moving for summary judgement—is not excessive in light of the $400,000 at stake. *See id.* When HSBC incurred those costs, its ultimate recovery was uncertain, thus the commercial reasonableness of the amount can be presumed. Brightgreen waived any contention that HSBC ran up the bill or otherwise inflated the legal costs because

4

Brightgreen did not respond to the summary judgment motion. *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 659 (7th Cir. 2011). Therefore, no genuine dispute exists about the amount of attorneys' fees and costs HSBC may recover.

### III. Conclusion

Summary judgment in favor of HSBC is appropriate regarding liability and attorneys' fees and costs. But it is unclear whether HSBC is contractually entitled to the full amount requested as the repurchase price. Accordingly only partial summary judgment is granted.

ENTER:

Suzanne B. Conlon
United States District Judge

May 31, 2011